UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

GLORIA QUEIRUGA and THOMAS
QUEIRUGA,
                    Plaintiffs,                  COMPLAINT

          -against-

THE CITY OF NEW YORK, PAULA SMYTH,
PAUL GAGLIO, "JOHN" MALDONADO and
"JOHN" PAGLIA, the first names being
unknown, and "JOHN DOE" 1 through 5, the
names being fictitious and presently
unknown, individually and in their official
capacity as employees of the New York City
Police Department,

                    Defendants.             **Jury Trial Demanded**

-------------------------------------------------------x

        GLORIA QUEIRUGA and THOMAS QUEIRUGA, by their attorneys, the Law Offices of Matthew Flamm, allege the following as their Complaint:

Nature of the Action

    1.    This civil rights action arises from the May 14, 2003 arrest of and use of force against Gloria Queiruga and Thomas Queiruga. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §2201 and, under 42 U.S.C. §§1983, compensatory and punitive damages for violation of their civil rights.

Jurisdiction

    2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiffs assert jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiffs request that this Court exercise pendent



jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiffs' federal claims.

### Venue

3. Under 28 U.S.C. §1391, venue is proper in the Southern District of New York because the events giving rise to this suit occurred in that judicial District.

### Parties

4. Plaintiff Gloria Queiruga, resides in Sunrise, Florida, County of Broward. She is the wife of Thomas Queiruga. At the time of the incident Gloria Queiruga was residing in the City and State of New York, County of Bronx.

5. Plaintiff Thomas Queiruga is a citizen of the United States, residing in Sunrise, Florida, County of Broward. He is the husband of Gloria Queiruga. At the time of the incident Thomas Queiruga was residing in the City and State of New York, County of Bronx.

6. Defendant City of New York is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

7. Defendant Paula Smyth (Shield Number 13379), was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned to the 45th Police Precinct in Bronx, New York.

8. Defendant Paul Gaglio was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned to the 46th Police Precinct in Bronx, New York.

9. Defendant "John" Maldonado was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned to the 46th Police Precinct in Bronx, New York.

10. Defendant "John" Paglia was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned either to the 45th or 46th Police Precinct Bronx, New York.

11. Defendants "John Doe" 1 through 5, were at all times relevant duly appointed and acting employees of the New York City Police Department assigned either to the 45th or 46th Police Precinct Bronx, New York.

12. Defendants Smyth, Gaglio, Maldonado, Paglia and "John Doe" 1 through 5 (collectively the "individual defendants") were at all times relevant acting under color of state law.

13. The individual defendants involved in the incident underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

Notice of Claim

14. On or about May 23, 2003, and within ninety days after claims arose, plaintiffs filed a Notice of Claim upon defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

15. The Notice of Claim were in writing, sworn to by plaintiff Thomas Queiruga, and contained the name and the then current post office address of the plaintiffs.

16. The Notice of Claim set out the nature of the claim, the time when, the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained by plaintiffs.

17. The New York City Comptroller's Office assigned the case claim number 2003PI012935.

18. The City of New York has neglected and failed to adjust the claims within the statutory time period.

19. This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

### Facts Underlying Plaintiffs' Claims for Relief

20. On May 14, 2003 at approximately 7:30 p.m. at and around 2824 Middleton Road, Bronx, New York the individual defendants unlawfully assaulted and arrested plaintiffs Gloria and Thomas Queiruga.

21. At the above-referenced time and place the plaintiffs were accosted by two Direct TV representatives, Jovanny Arias and his brother Angel Arias, who demanded that Mr. Queiruga return cable television boxes.

22. Mr. Queiruga told the cable men to return at another time but they refused to leave.

23. The two men from Direct TV engaged in verbal abuse of the Queirugas and otherwise threatened the family. Mr. Queiruga told the men to leave and told them that if they did not leave he would call the police.

24. Upon information and belief, the two cable TV men telephoned the Police and falsely reported to the police that the Mr. Queiruga had threatened them with a gun.

25. Police officers, including one or more of the individual defendants, responded to the scene.

26. Answering a knock at the door, Mr. Queiruga was grabbed by one or more of the individual defendants, who entered the vestibule of plaintiffs' building and threw Mr. Queiruga up against a wall demanding that plaintiff hand over the weapon.

27. Mr. Queiruga told the officers that he did not have a weapon.

28. Thereupon, without consent the individual defendants, or some of them, proceeded upstairs and entered the family apartment and searched the premises.

29. One or more of the individual defendants assaulted Gloria Queiruga hitting her arm and throwing her onto a bed. During the incident, one or more of the individual defendants kicked Mrs. Queiruga, hit her in the face with a police radio, and kneed her in her lower back.

30. The police officers, including one or more of the individual defendants, continued to accuse Mr. and Mrs. Queiruga of hiding a weapon, though a thorough and lengthy search of premises never yielded any evidence of a weapon.

31. Despite that numerous police officers had thoroughly searched the premises and found no gun or indeed any evidence of any crime, the individual defendants handcuffed Mr. and Mrs. Queiruga and placed them under arrest.

32. The plaintiffs were taken to a nearby Police Precinct Stationhouse where they were photographed and fingerprinted and held over night.

33. The following day the plaintiffs were, upon information and belief, taken to the Bronx County Courthouse where they were kept in holding cells for another night.

34. Thomas Queiruga was charged with Criminal Possession of a Weapon Fourth Degree (P.L. §265.01[1]), two counts of Menacing in the Second Degree (P.L. §120.14[1]), Resisting Arrest (P.L. §205.30), and Harassment in the Second Degree (P.L. §240.26 [1]).

35. Gloria Queiruga was charged with Obstructing Governmental Administration (P.L. §195.05), Resisting Arrest (P.L. §205.05), Disorderly Conduct (P.L. §240.20 [1]), and Reckless Endangerment (P.L. §120.25).

36. Mr. Queiruga plead guilty to the violation of charge of Harassment in the Second Degree.

37. Plaintiff Gloria Queiruga was forced to appear on numerous occasions in criminal court to contest the baseless charges, until on or about February 17, 2004 the charges were adjourned in contemplation of dismissal.

38. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent or end the unlawful use of force, detention, and prosecution of Thomas Queiruga and Gloria Queiruga.

39. As a result of the foregoing, plaintiffs suffered mental anguish, shock, fright, debasement, trauma and deprivation of their constitutional rights, among other injuries.

40. Plaintiff Gloria Queiruga suffered, among other physical injuries, injury to her lower back, right shoulder, and right leg. The full scope and extent of her physical injuries are at present unknown.

41. Plaintiff Thomas Queiruga suffered, among other injuries, soreness and pain to his right arm.

42. At all times relevant the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiffs' rights.

### FIRST CLAIM FOR RELIEF FOR
### VIOLATING PLAINTIFFS' RIGHT TO BE FREE FROM
### UNREASONABLE AND EXCESSIVE FORCE UNDER THE FOURTH AND
### FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

43. Plaintiffs repeat the allegations of paragraphs 1-42 as though fully stated herein.

44. By the actions described above, the individual defendants, or some of them, deprived the plaintiffs of their rights secured by the Constitution and laws of the United States including, but not limited to, their right to be free from excessive and unreasonable force.

45. As a consequence thereof, Gloria Queiruga and Thomas Queiruga have been injured.

### SECOND CLAIM FOR RELIEF FOR ASSAULT

46. Plaintiffs repeat the allegations of paragraphs 1-42 as though fully stated herein.

47. By the actions described above, the plaintiffs were intentionally placed in apprehension of imminent harmful and offensive contact.

48. As a consequence thereof, Gloria Queiruga and Thomas Queiruga have been injured.

### THIRD CLAIM FOR RELIEF FOR BATTERY

49. Plaintiffs repeat the allegations of paragraphs 1-42 as though fully stated herein.

50. By the actions described above, the plaintiffs were intentionally touched in a harmful and offensive manner.

51. As a consequence thereof, Gloria Queiruga and Thomas Queiruga have been injured.

### FOURTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFFS' RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

52. Plaintiffs repeat the allegations of paragraphs 1-42 as though fully stated herein.

53. By the actions described above, the individual defendants, or some of them, deprived Gloria Queiruga of rights secured by the United States Constitution, including, but not limited to plaintiff's right to be free and secure in her persons and the right to be free from arrest or search, except on probable cause or pursuant to a warrant.

54. As a consequence thereof, Gloria Queiruga has been injured.

### FIFTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFFS' RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER ARTICLE ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

55. Plaintiffs repeat the allegations of paragraphs 1-42 as though fully stated herein.

56. By the actions described above, the individual defendants, or some of them, deprived Gloria Queiruga of rights secured by the Constitution of the State of New York, including, but not limited to, the right to be free and secure in her person, and the right to be free from arrest or search except on probable cause or pursuant to a warrant.

57. As a consequence thereof, Gloria Queiruga have been injured.

### SIXTH CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

58. Plaintiffs repeat the allegations of paragraphs 1-42 as though fully stated herein.

59. By reason of the foregoing, plaintiff Gloria Queiruga was confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

60. As a consequence thereof, Gloria Queiruga has been injured.

### SEVENTH CLAIM FOR RELIEF FOR VIOLATION OF GLORIA QUEIRUGA'S RIGHTS UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION

61. Plaintiffs repeat the allegations of paragraphs 1-42 as though fully stated herein.

62. By the actions described above, and by filing or allowing to be filed false allegations with the Criminal Court of the City of New York, County of Bronx, the individual defendants, or some of them, deprived plaintiff of her rights secured by the United States Constitution, including, but not limited to, her right to a fair trial.

63. As a consequence thereof, Gloria Queiruga has been injured.

### EIGHTH CAUSE OF ACTION FOR ABUSE OF PROCESS

64. Plaintiffs repeats the allegations of paragraphs 1-42 as though fully stated herein.

65. The individual defendants, or some of them, maliciously used criminal process for a purpose other than bringing a suspected wrongdoer to justice, to wit, in order to intimidate Gloria Queiruga from asserting her rights



against the individual defendants and in order to cover up their own wrongdoing and avoid civil and criminal liability for their acts.

66.  As a consequence thereof, Gloria Queiruga has been injured.

### NINTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFFS' CIVIL RIGHTS

67.  Plaintiffs repeat the allegations of paragraphs 1-42 as though fully stated herein.

68.  The individual defendants failed to intervene to prevent or end or truthfully report the unlawful search, assault, arrest, abuse of process, and false allegations made against the plaintiffs, despite having a realistic opportunity to do so.

69.  As a consequence thereof, Gloria Queiruga and Thomas Queiruga have been injured.

### TENTH CLAIM FOR RELIEF FOR NEGLIGENCE

70.  Plaintiffs repeat the allegations of paragraphs 1-42 as though fully stated herein.

71.  The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully search, use unreasonable force, arrest or otherwise act to deprive individuals of their constitutionally protected rights.

72.  The defendant City of New York's failure properly to assign, train, supervise or discipline its Police personnel, including the Police personnel involved herein, constitutes acquiescence in and tolerance of ongoing

-10-



unconstitutional searches, use of force, arrest, and false allegations. Such acquiescence created the atmosphere allowing the individual defendants to believe that they could unlawfully make false allegations against, search, assault, and arrest the plaintiffs with impunity.

73. By reason of the foregoing, the defendant City, and through its agents, servants and employees, failed and refused to use such care in the performance of its duties as a reasonably prudent employer of law enforcement personnel would have used under similar circumstances.

74. As a consequence thereof, Gloria Queiruga and Thomas Queiruga have been injured.

### Request for Relief

**WHEREFORE**, plaintiffs respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:
1. A declaration that plaintiffs' right to be free from unreasonable and excessive force under the United States Constitution was violated;
2. A declaration that plaintiffs' right to be free from unreasonable searches and seizures under the United States Constitution was violated;
3. A declaration that plaintiffs' right to a fair trial under the Sixth Amendment to the United States Constitution was violated;

(B) Compensatory damages in an amount to be fixed at trial;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D) An award to plaintiffs of the costs and disbursements herein;

    (E) An award of attorney's fees under 42 U.S.C. §1988;

    (F) Such other and further relief as this Court may deem just and proper.

Dated: August 9, 2004
    Brooklyn, New York

            Law Offices of Matthew Flamm
            Attorneys for Plaintiffs

            By: MATTHEW FLAMM **MF1309**
            26 Court Street, Suite 600
            Brooklyn, New York 11242
            (718) 797-3117